Johnson, J.
In actions on accounts for goods sold and delivered, the plaintiff is necessarily bound to prove the delivery °f the goods, and according to the ancient English common law, he was obliged to make the proof by disinterested witnesses. Book entries were only admissible like other me-moranda, made at the time of the transaction, to refresh the memory of the witness. It was utterly impossible however, that any man could heap in his memory, even with the aid of memoranda, the minute, varied and complicated transactions of even an ordinary mercantile or other trading concern, and hence the necessity of substituting the book entries for the memory of the witnesses, which has been allowed in this State as far back as we can trace our judicial history. The same sort of necessity induced the Courts to allow the plaintiff to prove his own book entries, as evidence of the delivery of goods. It was not always possible to procure suitable clerks, and very frequently, amongst the small dealers, the profits would not justify the expense of a clerk ; and thus the necessity of departing from the common law rule and admitting this secondary evidence, was forced upon the Courts and the country, and the same indulgence has been gradually extended, by judicial determinations, to all classes of regular traders, mechanics and professional men, when, from the nature of their business, and the general usage, they were obliged to sell on credit, and when it was customary to keep books of account. That the introduction of this rule has subjected the community to frauds and impositions, no one who has any experience in the ordinary concerns of life will for a moment doubt, and independent of a sense of justice which is very often impotent when opposed to interest, the community have no security against these frauds but the interest which the parties find in conciliating public favor by a fair and honest course of dealing ; and these considerations appear to me to furnish abundant reason for not extending the rule beyond the actual necessity.
The account on which this action is brought is that of a pedlar or itinerant merchant. It is the first of the sort that has fallen within my observation, and the question is whether the rule shall be extended to these also. From the nature of their employment,fcand the manner of their doing business, although, it is possible, it is not to be expected, that they will keep their books with the regularity and system of the stationary regular merchant. They are mere birds of passage who *679 sweep over the country, having no other tie to it than as the means of acquiring wealth. It is known too, that they are not in the habit of dealing on credit. Their itinerant mode of life renders it in general impracticable to do it with convenience. They do not therefore fall within that class of persons in whose pursuit or employment the necessity and convenience, or the usage of the country has imposed on them the necessity, of keeping books of account. They do not therefore fall within the principle of the rule, and believing that it has already been extended too far, I am not disposed to superadd this item to the long list of suspicious evidence.
Hammond, for the motion.
In this case there is another reason for excluding the evidence which is equally satisfactory. The books of original entries was produced on the argument, and upon examination they are found to have been made for the most part in pencil, in small memorandum books, of a convenient size for the pocket; and on turning over the pages, I observed that many of the entries made in them were so obliterated as to be illegible, and exhibiting altogether such irregularity and want of system as would shock a regularly bred clerk. The order and regularity with which the merchants’ books of accounts are usually kept, and the necessity of their producing the original entries at the trial, is a security against frauds from erasures and interlineations which an after thought might suggest; and the Courts have always refused to suffer them to be given in evidence, if on inspection the entries were found not to have been made in the regular course of business, as in the case of Lynch v. M’Hugo, 1 Bay, 33, where entries made in the front page and before the regular paging, in a book otherwise regular, were rejected, because they were out of the regular course of entries.
Motion dismissed.
Harper and Evans, Js. (sitting for O’Neam., J.) concurred.